IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CONRAD J. BRAUN,**

                **Plaintiff,**

      v.                                                         CASE NO. 05-3451-SAC

**SHERIFF DENNING, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff proceeds pro se on a civil complaint dated November 29, 2005, and docketed on December 1, 2005, while plaintiff was a prisoner confined in the Jackson County Jail in Holton, Kansas.[1] By an order dated December 21, 2005, the court found plaintiff was subject to the "3-strike" provision in 28 U.S.C. § 1915(g), and found plaintiff's allegations failed to establish that plaintiff was in "imminent danger of serious physical injury" for the purpose of granting plaintiff leave to proceed in forma pauperis in this civil action. The court directed plaintiff to

---

[1] The record reflects that plaintiff returned to the Johnson County Detention Center in Olathe, Kansas, on December 2, 2005. Plaintiff states he was again ordered to farm out to the Jackson County facility on December 12, 2005, and gives notice to the court that he was to be released and would return to California on December 29, 2005.

either show cause why plaintiff's motion for leave to proceed in forma pauperis should not be denied pursuant to § 1915(g), or to pay the $250.00 district court filing fee.

In response, plaintiff cites being "brutalized" at the Johnson County facility for his "passive resistance" in declaring a hunger strike in response to being temporarily farmed out to the Jackson County jail.

However, the "imminent danger" exception to the "3-strike" provision in § 1915(g) applies only when a danger of serious physical injury exists at the time complaint is filed. Malik v. McGinnis, 293 F.3d 559 (2nd Cir. 2002). The harm plaintiff identified at that relevant time was the Jackson County facility's alleged inability to appropriately handle plaintiff's ongoing hunger strike, and the facility's alleged lack of a classification system to separate more violent offenders. Plaintiff's instant response does not address these two concerns. Given plaintiff's temporary confinement at the Jackson County facility, and plaintiff's admitted sparse and occasional food intake, the court remains convinced that plaintiff has made no showing of any real or proximate danger of serious physical harm. Accordingly, pursuant to § 1915(g), plaintiff may not proceed in forma pauperis in this matter.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to

proceed in forma pauperis is denied, and that this action will be dismissed without prejudice if the $250.00 district court filing fee is not paid by February 2, 2006.

**IT IS SO ORDERED.**

DATED:  This 20th day of January 2006 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge